ELSNAU ET AL., APPELLEES, *v.* WEIGEL ET AL., APPELLANTS.

[Cite as Elsnau *v.* Weigel (1983), 5 Ohio St. 3d 77.]

(No. 82-853—Decided May 25, 1983.)

*Gustin & Lawrence Co., L.P.A., Mr. Richard D. Lawrence* and *Mr. Christopher J. Mehling,* for appellees.

*Mr. James H. Sullivan, Jr.,* for appellants.

*Per Curiam.* The sole question presented by this appeal relates to an application of Civ. R. 63(B). That rule provides,

"If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge designated by the administrative judge, or in the case of a single-judge division by the chief justice of the supreme court, may perform those duties; *but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial.*" (Emphasis added.)

Civ. R. 63(B) allows certain duties to be performed by a successor when the original judge has died or become disabled. Under this rule, the successor judge in the case at bar assumed full responsibility to carry out the post-verdict duties of his predecessor. As a consequence, one of the responsibilities of the successor judge was to rule on appellees' motion for a new trial. However, before overruling appellees' motion, the successor judge recognized that in order to pass on the motion, the credibility of the witnesses and weight of the evidence necessarily had to be taken into account. The successor judge concluded that having not presided over the trial, he was unable to carry out the duties of the trial judge. Under these circumstances, Civ. R. 63(B) vests a successor judge with discretion to grant a new trial when it becomes apparent that the original judge had certain advantages from having presided over the trial of the case. It follows that the question confronting this court is whether the successor judge in the cause *sub judice* abused that discretion.

The court below determined that the successor judge abused his discre-

tion under Civ. R. 63(B) by not granting a new trial. We disagree. The rationale of the court of appeals below apparently rested on what that court characterized as "facially strange verdicts granting young Thomas only $100 and his mother nothing, although the record impressively articulates that she incurred substantial medical bills." In our view, those observations are irrelevant to a discussion of Civ. R. 63(B) and are more appropriately directed to an analysis of the verdicts under Civ. R. 59(A) which sets forth specific grounds upon which a new trial may be granted. For instance, Civ. R. 59(A) states that a new trial may be awarded on any of the following grounds:

"(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice.

"* * *

"(6) The judgment is not sustained by the weight of the evidence * * *."
See, also, *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82 [52 O.O.2d 376].

However, the fact that a new trial may be warranted under Civ. R. 59(A) does not perforce mean that a successor judge abuses his discretion under Civ. R. 63(B) in denying a new trial.[1] Moreover, the impact of the court of ap-

---

[1] Not surprisingly, the record discloses that appellees assigned as error in the court of appeals the failure of the successor judge to grant a new trial under Civ. R. 59(A). In fact, ten assignments of error were raised in the court of appeals by the appellees herein including the issue relating to Civ. R. 63(B) addressed in this opinion. Notwithstanding their duty under App. R. 12(A), the court below only addressed the fifth of the following assignments of error raised below:

"First assignment of error

"The court erred to the prejudice of plaintiffs in refusing to grant a new trial to plaintiffs as to defendant, Weigel.

"Second assignment of error

"The court abused its discretion in refusing to grant plaintiffs a new trial as to defendant, Weigel.

"Third assignment of error

"The court erred to the prejudice of plaintiffs in refusing to direct a verdict against the defendant, Children's Hospital.

"Fourth assignment of error

"The court abused its discretion to the prejudice of plaintiffs in refusing to grant a new trial as to defendant, Children's Hospital.

"Fifth assignment of error

"The court abused its discretion in refusing to grant a new trial as to plaintiffs' claims against all defendants on the basis of disability of the trial judge.

"Sixth assignment of error

"The court erred to the prejudice of plaintiffs by improperly charging the jury on intervening, superseding cause.

"Seventh assignment of error

"The court erred to the prejudice of plaintiffs in refusing to direct a verdict as to plaintiffs' contributory negligence and on charging the jury on such issue, to the prejudice of the plaintiffs.

"Eighth assignment of error

"The court erred to the prejudice of plaintiffs in allowing into evidence an expert opinion that defied the physical facts and was overly broad.

"Ninth assignment of error

peals' decision is that a successor judge, faced with a pending motion for a new trial which involves the weight or credibility of the evidence, must grant a new trial lest he abuse his discretion under Civ. R. 63(B). There is simply no basis in Civ. R. 63(B) for the imposition of such a *per se* rule. Furthermore, the record is wholly unsupportive of appellees' claim that the successor judge committed an abuse of discretion.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the court of appeals for a resolution of the issues not addressed in their opinion below.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, PRYATEL and J.P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.

C. BROWN, J., dissents.

PRYATEL, J., of the Eighth Appellate District, sitting for LOCHER, J.

CLIFFORD F. BROWN, J., dissenting. The court today expressly acknowledges that the determination by the court of appeals that the successor judge abused his discretion under Civ. R. 63(B) by not granting a new trial was grounded on the " 'facially strange verdicts granting young Thomas only $100 and his mother nothing, although the record impressively articulates that she incurred substantial medical bills.' " The court also recognized that: summary judgment was granted plaintiffs on the issue of defendants' liability for plaintiff Thomas' injuries; the trial court directed a verdict in favor of plaintiffs on the issue of causation; the only issue remaining for the jury concerned the amount of damages to be awarded; and that plaintiffs presented evidence that Thomas' injuries were permanent and that the medical bills for the injuries totaled $15,000.

These conceded facts mandate the granting of a new trial on grounds of Civ. R. 59(A)(4) or (6). Incredibly, this court concludes that the foregoing facts and observations "are irrelevant to a discussion of Civ. R. 63(B) and are more appropriately directed to an analysis of the verdicts under Civ. R. 59(A) which sets forth specific grounds upon which a new trial may be granted." Putting it another way, this court also says "the fact that a new trial may be

---

"The court erred to the prejudice of plaintiffs in disallowing evidence regarding custom.

"Tenth assignment of error

"The charge to the jury was conflicting and inaccurate and such was not correctable, to the prejudice of plaintiffs."

warranted under Civ. R. 59(A) does not perforce mean that a successor judge abuses his discretion under Civ. R. 63(B) in denying a new trial."

The majority's erroneous conclusion flows from its refusal to construe Civ. R. 63(B) *in pari materia* with Civ. R. 59(A). In my view, a successor trial judge proceeding under Civ. R. 63(B) *must* consider the trial record as tested by the grounds for a new trial specified in Civ. R. 59(A). There is nothing in Civ. R. 63(B) which expresses or implies that the successor trial judge should not consider any of the nine grounds for a new trial specified in Civ. R. 59(A). Common sense dictates he should consider such grounds. To hold otherwise is to cloak the successor trial judge with unbridled discretion to refuse to grant a new trial without fear of reversal no matter how ridiculous the verdict is which he reviews. That cannot be what Civ. R. 63(B) means lest the last clause of the rule be rendered an absurdity.

Further, there is no validity for this court's statement in the opinion that "the impact of the court of appeals' decision is that a successor judge, faced with a pending motion for a new trial which involves the weight or credibility of the evidence, *must* grant a new trial lest he abuse his discretion under Civ. R. 63(B)." (Emphasis added.) On the contrary, such successor judge need not grant a new trial in every case, but only when the record supports the grant of a new trial under Civ. R. 59(A)(1) through (9), *then* and *then* only. Credibility of witnesses and its concomitant inquiry, whether the verdict is either "excessive or inadequate" or the judgment is "not sustained by the weight of the evidence," under Civ. R. 59(A)(4) and (6) are properly and continually determined in civil cases by the court of appeals without seeing the witnesses. There is no reason why the successor judge should not do the same under identical circumstances.

The court today gives a successor trial judge carte-blanche power to refuse to grant a new trial. The last clause of Civ. R. 63(B) should mean that whenever such successor judge "is satisfied that he cannot perform those duties" with reference to a motion for a new trial, he should grant a new trial.

A remand to the court of appeals to determine nine other assignments of error under which that court must apply Civ. R. 59(A) and grant a new trial thereunder, is a waste of judicial time and machinery. The resources of our appellate courts would be better put to use were this court to decide issues which are already squarely before us, rather than to engage in this game of judicial chess.

Therefore, I dissent.