OPINION
Defendant Douglas G. Beck appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of plaintiff Beverly Blosser on her action for abuse of process, malicious prosecution, invasion of privacy, conversion of personal property, and intentional infliction of emotional distress. The matter was tried before a jury. Appellant assigns seven errors to the trial court:
ASSIGNMENT OF ERRORS
 I. THE TRIAL COURT ERRED IN FAILING TO CONDUCT A FULL EVIDENTIARY HEARING BEFORE RULING ON PLAINTIFF APPELLEE'S MOTION TO DISQUALIFY DEFENDANT-APPELLANT'S COUNSEL, GEORGE KELLNER.
 II. THE COURT ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT'S MOTION FOR DIRECTED VERDICT AS TO COUNTS ONE, TWO AND THREE; HELD THE DIRECTED VERDICTS IN ABEYANCE; AND, GRANTED PLAINTIFF'S MOTION TO REOPEN CASE-IN-CHIEF AND ADDUCE HEARSAY EVIDENCE OF WITNESS.
 III. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR DIRECTED VERDICT AT THE CONCLUSION OF PLAINTIFF'S CASE-IN-CHIEF AND AT THE CONCLUSION OF THE TRIAL.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION FOR NEW TRIAL ON THE ISSUE OF IRREGULARITY OF PROCEEDINGS RELATING TO THE CONFLICT OF INTEREST BETWEEN DEFENDANT BECK AND DEFENDANT'S ATTORNEY, GEORGE K. KELLNER, JR.
 V. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED PUNATIVE [SIC] DAMAGES OF $30,000.
 VI. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION FOR NEW TRIAL ON THE ISSUE OF IMPROPER JURY INSTRUCTIONS AND/OR MISLEADING JURY INSTRUCTIONS.
 VII. THE JURY VERDICT FOR PLAINTIFF ON HER CLAIM OF ABUSE OF PROCESS AND ON HER CLAIM OF CIVIL MALICIOUS PROSECUTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED.
This action arose out of a domestic altercation. Appellant and appellee lived together for approximately one year, but appellant terminated the relationship and asked appellee to leave the home. Appellant served appellee with a three-day notice to vacate, upon which an altercation broke out which required police intervention.
Several days later, appellant's attorney contacted the Probate Court and the Fairfield Family Counseling Center. Police and a doctor from the Fairfield Family Counseling Center went to the parties' home, where appellee, who was taking a shower at the time, was uncooperative with the investigation. When appellee requested the police leave the premises, they responded by turning water off on the outside, entering the home and removing appellee, naked, from the shower, to transport her to the hospital. A short time later, appellee was released to the care of her attorney because she was not a threat to herself or to others. The following day, appellant signed a complaint charging appellee with domestic violence, a charge of which she was later acquitted.
 I
In his first assignment of error, appellant argues the trial court erred in failing to conduct a full evidentiary hearing before ruling on appellee's motion to disqualify appellant's counsel. The counsel who represented appellant at trial is the same counsel who initiated the involuntary commitment proceedings which, in part, gave rise to this action.
We find appellant's arguments herein to be ludicrous. Appellant herein attempts to assign error to the trial court for ruling in his favor at trial. Appellant's arguments sound suspiciously like an ineffective assistance of counsel argument, an argument of constitutional magnitude applicable only to criminal cases and certain other cases involving fundamental rights. In addition, it appears appellant is addressing the issue of appropriateness of counsel's representation in a separate action.
We find absolutely no error in the court's action regarding the motion to disqualify. Accordingly, the first assignment of error is overruled.
 II, III, IV, and VI
Appellant's arguments herein are all addressed to the court's rulings on appellant's motion for directed verdict and motion for new trial because of alleged irregularities in the proceedings. Civ.R. 50 provides the court must construe the evidence most strongly in favor of the non-movant, and if it finds upon any determinative issue reasonable minds could come but to one conclusion on the evidence submitted, and the conclusion is adverse to the non-moving party, then the court shall direct a verdict for the moving party on that issue. A motion for directed verdict presents a question of law, and tests whether the evidence is legally sufficient to submit to the jury. For this reason, the trial court does not weigh the evidence nor evaluate the credibility of witnesses, Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116.
We have reviewed the record, and we find the trial court properly found reasonable minds could come to differing conclusions on the evidence presented, and correctly overruled the various motions for directed verdict.
Pursuant to Civ.R. 59, a court may order a new trial based upon irregularity of proceedings, but the motion is addressed to the trial court's sound discretion, and should not be reversed on appeal unless the reviewing court finds the court abused its discretion, see Elsnau v. Weigel (1983), 5 Ohio St.3d 77. Unlike motions for directed verdict, a motion for a new trial requires the court to weigh all of the evidence, Bland v. Graves (1993),85 Ohio App.3d 644.
Appellant urges he should have been awarded a new trial because the jury instructions were improper or misleading, and because of the conflict of interest between appellant and his attorney at the time. We have already rejected appellant's arguments regarding his choice of attorneys in I, supra.
Regarding the jury instructions, our review of the record convinces us the jury was instructed properly according to Ohio law. It appears appellant made no objection to the jury instructions as given, and we find they were appropriate.
The II, III, IV, and VI assignments of error are overruled.
 V
In his fifth assignment of error, the appellant urges the trial court abused its discretion in awarding $30,000.00 punitive damages to appellee. Appellant suggests the court was unreasonable in finding appellant acted with malice. In Prestonv. Murty (1987), 32 Ohio St.3d 334, the Ohio Supreme Court found actual malice to be state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge. The court found appellant's actions were conscious, deliberate, and intentional rather than reckless. The court specifically found the actions were motivated by hatred, ill will, and a conscious disregard for appellee's rights. Both the jury and the trial court concluded appellant acted with actual malice, and we find the record supports these findings.
The fifth assignment of error is overruled.
 VII
Finally, appellant argues the jury's verdicts on the abuse of process and malicious prosecution counts were against the manifest weight of the evidence. Our standard of reviewing such a claim is to review the record and determine whether there is competent and credible evidence going to each of the essential elements of the case, see C.E. Morris v. Foley Construction Company (1978),54 Ohio St.2d 279.
We have reviewed the record, and we find there was sufficient, competent and credible evidence from which the jury could reasonably conclude appellee had proven each of the essential elements of her causes of action.
The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., concurs, Hoffman, J., concurs in judgment only.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.