[Cite as *Thornton v. Conrad*, 194 Ohio App.3d 34, 2011-Ohio-3590.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95982**

**THORNTON,**

APPELLEE,

vs.

**CONRAD, ADMR., ET AL.,**

APPELLANTS.

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-449323

**BEFORE:** Keough, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 21, 2011

Gregg A. Austin, for appellee.

Michael DeWine, Attorney General, and Mary Ann Rini, Assistant Attorney General, for
appellant James Conrad, Administrator, Ohio Bureau of Workers' Compensation.

Willacy, Lopresti & Marcovy, Timothy A. Marcovy, and Michael S. Lewis, for appellant Sysco Food Service.

KATHLEEN ANN KEOUGH, Judge.

{¶ 1} Defendant-appellant, Sysco Food Services of Cleveland, Inc. ("Sysco"), appeals from the trial court's judgment granting the motion for a new trial of appellee, Eugene Thornton. For the reasons that follow, we reverse the trial court's judgment.

I

{¶ 2} Thornton was employed by Sysco. On January 1, 2001, Thornton, walking with a noticeable limp, approached his supervisor and asked under what conditions a drug test would be required if he sought medical attention. Thornton's supervisor reminded him of Sysco's policy that a drug-and-alcohol test was mandatory if an at-work injury was being reported, but no such testing was required if the need for medical attention was not work related.

{¶ 3} Thornton then reported to the nurse's station. He told the nurse that he had injured his foot earlier that day, before he came to work, when he dropped a dresser on his foot while helping a friend move furniture. After the nurse examined Thornton's foot, he was taken to the emergency room at Marymount Hospital, where he repeated the history of injuring his foot at home. Seven days later, Thornton changed his story and

reported for the first time that he had injured his foot at work.

{¶ 4} In accord with Sysco's policy, because Thornton had repeatedly stated that his injury occurred away from work, he was not tested for alcohol or drug intoxication. At trial, however, Thornton admitted that he had used alcohol and marijuana at a New Year's Eve party the night before the accident. He also admitted that he habitually used marijuana in the several years prior to his injury.

{¶ 5} Thornton's injury required partial amputation of his left big toe and amputation of his left second toe. He filed an application with the Industrial Commission of Ohio for workers' compensation benefits. His claim was denied throughout the administrative process, and he appealed the final administrative denial to the common pleas court.

{¶ 6} Due to the originally assigned judge's heavy trial schedule, the case was transferred to a visiting judge, who conducted a three-day trial. The judge instructed the jury on the law, including that "an injury does not arise out of employment when the injury occurred while the employee was so intoxicated that he could not perform his job or services" and that they were to determine, among other things, "whether the proximate cause of [Thornton's] injuries was his voluntary [sic] being under the influence of drugs." The jury returned a verdict in favor of Sysco, and the trial court rendered judgment on the jury's verdict.

{¶ 7} Thornton then filed a motion for judgment notwithstanding the verdict or, alternatively, a new trial. The visiting judge granted Thornton's motion for a new trial,

but the judgment entry did not provide any reasons for doing so.

{¶ 8} On appeal, this court held that under Civ.R. 59, the trial court erred in granting Thornton's motion for a new trial without specifying the grounds for its ruling.[1] *Thornton v. Conrad,* Cuyahoga App. No. 83538, 2004-Ohio-3472, ¶ 49. This court noted that without the trial court's reason for granting the motion, an appellate court is precluded from reviewing the propriety of the trial court's decision to grant a new trial. Id. at ¶ 48. Accordingly, this court reversed the judgment granting a new trial and remanded the matter to the trial court to state its grounds for granting the motion for new trial. Id. at ¶ 49.

{¶ 9} The visiting judge who had presided over trial had died in the interim, so the case was returned to the judge originally assigned to the case. Inexplicably, the case then languished on the trial court's docket for nearly five years. Finally, on March 5, 2009, Thornton filed a motion "requesting an order setting forth the grounds for relief granted." In his brief in support, Thornton argued that the court should grant either a judgment notwithstanding the verdict or a new trial because there was insufficient evidence produced at trial to support the jury's conclusion (1) that he was intoxicated or under the influence at the time of his injury and (2) that such intoxication or being under the influence was the proximate cause of his injury. Thornton's brief contained a section entitled "Details from the Underlying Trial–A Refresher," in which Thornton described

---

[1] Civ.R. 59 states, "When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."

the evidence produced at trial because, he explained, "As this court did not preside over the jury trial itself, it would be prudent to provide certain details of the underlying trial to facilitate an order."

{¶ 10} Sysco filed a brief opposing Thornton's motion. Subsequently, the originally assigned judge entered an order granting Thornton's motion for a new trial because "the jury verdict is not supported by the weight of the evidence as to the issue of proximate cause."[2]

{¶ 11} The trial court subsequently entered another order in which it clarified that "for the record on appeal, * * * this Court did not have a copy of the trial transcript available for review when reviewing and granting the plaintiff's motion for a new trial."

II

{¶ 12} In its first assignment of error, Sysco argues that the originally assigned judge (in effect, the successor judge), who had not presided over the trial, erred in granting the motion for a new trial because he did not review the trial transcript before rendering his ruling.

{¶ 13} When a party files a motion for new trial on the ground that the judgment is not sustained by the sufficiency or weight of the evidence, the trial court has a duty to review the evidence presented at trial and weigh the sufficiency of the evidence and the

---

[2]The judge did not rule on Thornton's motion for judgment notwithstanding the verdict. Motions not ruled upon are deemed implicitly denied. *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 468, 692 N.E.2d 198; *Hager v. Norfolk v. W. Ry. Co.*, Cuyahoga App. No. 87553, 2006-Ohio-6580, ¶ 54, fn. 33.

credibility of the witnesses. *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 92, 262 N.E.2d 685. Similarly, when a party files a motion for judgment notwithstanding the verdict, the trial court must consider the legal sufficiency of the evidence. *Helfrich v. Mellon*, Licking App. No. 06-CA-69, 2007-Ohio-3358, ¶ 86, citing *McLeod v. Mt. Sinai Med. Ctr.*, 166 Ohio App.3d 647, 2006-Ohio-2206, 852 N.E.2d 1235.

{¶ 14} It is well established that a successor judge may rule on a motion for a new trial when a different judge presided at trial. *Fairview Park v. Ricotta* (Sept. 21, 1995), Cuyahoga App. No. 66850, citing *Elsnau v. Weigel* (1983), 5 Ohio St.3d 77, 448 N.E.2d 1377. Nevertheless, the successor judge must have the proper evidence before him to decide the motion. *Potocnik v. Sifco Industries, Inc.* (1995), 103 Ohio App.3d 560, 660 N.E.2d 510.

{¶ 15} In *Potocnik*, decided by this court, a visiting judge had presided at trial. The case was then returned to the judge originally assigned to the case, who subsequently granted the defendant's motion for a new trial. This court held that the motion for a new trial should have been denied. Id. at 567. It reasoned that because the original judge had ruled on the motion for a new trial without reviewing the trial transcript, he did not have the proper evidence before him to determine the issue raised by the motion for a new trial. Id. This court ruled further that because the movant had failed to sustain his burden of presenting the evidence necessary to support his motion for a new trial, i.e., the trial transcript, the motion should have been denied. Id. Accordingly, this court reversed and vacated the order granting the new trial. Id.

{¶ 16} Thornton argues that *Potocnik* is distinguishable from this case, however, because in deciding the motion for new trial, the judge "had available to him several sets of briefs" that quoted trial testimony, as well as this court's prior decision. In short, he contends that despite the lack of the trial transcript, the judge "was supplied with the information needed to answer the question before him."

{¶ 17} But as the Sixth District Court of Appeals stated in *Reynolds v. Hazelberg* (Aug. 6, 1999), Erie App. No. E-98-082, a case in which a successor judge, without reviewing the trial transcript, granted a motion for new trial some three years after trial had occurred:

{¶ 18} "The briefs pertaining to appellees' motion for new trial contained arguments, but not evidence. Arguments of counsel are not evidence. Those arguments may have been sufficient to allow the court to decide the motion immediately after the trial while the court still had an independent recollection of the evidence, but those arguments cannot substitute for a review of the evidence three years later by a judge who had not presided over the matter." (Citation omitted.)

{¶ 19} Noting that it agreed with the reasoning of *Potocnik*, the court in *Reynolds* held that the motion for a new trial should have been denied.

{¶ 20} Likewise, in this case, we find that the trial court should have denied Thornton's motion for a new trial. A movant for a new trial has the duty to present the evidence necessary to support the motion. *Potocnik*, 103 App.3d 560, 567, 660 N.E.2d 510, citing *Whiston v. Bio-Lab, Inc.* (1993), 85 Ohio App.3d 300, 308, 619 N.E.2d 1047;

see also *Reynolds*, 1999 WL 587627. When a motion for new trial is decided more than five years after trial by a successor judge who did not preside at trial, the only evidence to support the motion is that found in the trial transcript; the briefs and arguments of counsel cannot suffice. Because Thornton did not supply the trial transcript to the judge, there was no evidence to support his motion, and it should have been denied.

{¶ 21} Accordingly, the first assignment of error is sustained; the trial court's judgment granting the motion for a new trial is reversed.

{¶ 22} In light of our resolution of the first assignment of error, the second, third, and fourth assignments of error are rendered moot, and we need not consider them. App.R. 12(A)(1)(c).

Judgment reversed.

KATHLEEN ANN KEOUGH, Judge

JONES, P.J., and ROCCO, J., concur.