[Cite as *Fin. Freedom Acquisition, L.L.C. v. Heirs of Thomas*, 2012-Ohio-3845.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FINANCIAL FREEDOM ACQUISITION LLC | : | |
| | : | Appellate Case No. 25047 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2010-CV-7941 |
| | : | |
| v. | : | |
| | : | |
| THE UNKNOWN HEIRS OF | : | (Civil Appeal from |
| THELMA V. THOMAS, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2012.

. . . . . . . . . . .

BILL L. PURTELL, Atty. Reg. #0075250, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202
      Attorney for Plaintiff-Appellee, Financial Freedom Acquisition LLC

RONALD D. KEENER, Atty. Reg. #0002145, 125 West Main Street, New Lebanon, Ohio 45345
      Attorney for Defendant-Appellant, Leslie Thomas

MATHIAS H. HECK, JR., by GEORGE PATRICOFF, Atty. Reg. #0024506, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Defendant-Appellee, Montgomery County Treasurer

. . . . . . . . . . . .

WILLAMOWSKI, J. (Sitting by Assignment)

{¶ 1}   Appellant Leslie R. Thomas ("Thomas") brings this appeal from the judgment of the Court of Common Pleas of Montgomery County.   For the reasons set forth below, the judgment is reversed.

{¶ 2}   On December 8, 2006, Thelma V. Thomas ("Thelma") obtained a home equity conversion loan from Financial Freedom Senior Funding Corporation.   This loan was later assigned to Appellee Financial Freedom Acquisition LLC ("FFA").   At the time of the mortgage, the real estate was owned solely by Thelma.   However, the documents were signed on her behalf by her power of attorney, Thomas.   The power of attorney and the mortgage were recorded on December 18, 2006, in the Montgomery County Recorder's Office.

{¶ 3}   On December 9, 2009, Thelma passed away.   No probate estate was opened at that time, but was subsequently commenced on August 23, 2011.   Thomas was appointed executor of the estate.

{¶ 4}   On October 5, 2010, FFA filed a complaint in foreclosure and for reformation of the mortgage.   FFA named "The Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns and the Unknown Guardians of Minor and/or Incompetent Heirs of Thelma V. Thomas" as one of the defendants.   The address was listed as unknown.   Thus, FFA sought service via publication.   On January 18, 2011, FFA filed a motion for default judgment.   This motion was granted by the trial court on January 27, 2011.   An order of sale was filed and issued to the sheriff on February 24, 2011, and the sale was scheduled for May 20, 2011.

{¶ 5}     On May 9, 2011, Thomas filed a Civil Rule 60(B) motion to set aside the verdict. Thomas filed an affidavit stating that he was an heir of Thelma and that his identity had been known at the time the complaint was filed by FFA.   In support of this claim, Thomas alleged that he had made repeated contact with FFA through its various agents and that FFA was aware of his current address.   Thus, Thomas claimed that he was not properly served.   On that same day Thomas also filed a motion to set aside the upcoming sheriff's sale.   FFA filed its response to both motions on May 13, 2011.   On May 19, 2011, the trial court granted the motion and cancelled the sale.   However, the sheriff's sale went forward on May 20, 2011, and the real property was purchased by FFA, even though FFA knew that the sale had been cancelled by the court.   On January 3, 2012, the trial court filed a confirmation of sale.   The writ of restitution was filed on January 31, 2012.   On February 22, 2012, Thomas filed his notice of appeal and raises the following assignments of error.

**First Assignment of Error**

THE COURT BELOW INCORRECTLY ENTERED THE JUDGMENT ENTRY

AND FORECLOSURE DECREE ON JANUARY 27, 2011.

**Second Assignment of Error**

THE COURT BELOW ERRED IN NOT RULING UPON AND NOT

ADDRESSING THE TIMELY FILED RULE 60(B) MOTION FILED BY

[THOMAS] ON MAY 9, 2011.

**Third Assignment of Error**

THE COURT BELOW ERRED IN FILING THE ORDER CONFIRMING SALE

ORDERING DEED AND DISTRIBUTION WITHOUT HAVING FIRST

RULED UPON THE RULE 60(B) MOTION AND WITHOUT HAVING FIRST

ORDER[ED] THAT THE SALE OF THE PROPERTY BE RESCHEDULED AND RE-ADVERTISED.

## Fourth Assignment of Error

THE COURT BELOW ERRED IN NOT SETTING ASIDE THE ORDER CONFIRMING SALE AND ORDERING DEED AND DISTRIBUTION SINCE SAID ORDER HAD BEEN FILED WITHOUT NOTICE TO [THOMAS'] COUNSEL; WITHOUT MOTION; AND WITHOUT HAVING PREVIOUSLY RULED ON PENDING ISSUES BEFORE THE COURT.

## Fifth Assignment of Error

THE ORDER GRANTING JUDGMENT AND DECREE OF FORECLOSURE IS DEFECTIVE, THERE NOT BEING PROPER SERVICE UPON [THOMAS] AS REQUIRED BY THE OHIO RULES OF CIVIL PROCEDURE; WHICH FACTS WERE SET FORTH TO THE COURT IN THE RULE 60(B) MOTION FILED MAY 9, 2011.

In the interests of clarity, the assignments of error will be addressed out of order.

{¶ 6}    In the fifth assignment of error, Thomas claims that the trial court erred by granting the motion for default judgment when he was not properly served. The question of service is governed by Ohio Civil Rules 3 and 15.

(A)  Commencement.  A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).

Civ.R. 3(A).

> (D) Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

Civ.R. 15(D). The Ohio Supreme Court has addressed how these rules are to be applied. According to its unambiguous language, Civ.R. 15(D) provides that a plaintiff may designate a defendant in a complaint by any name and description when the plaintiff does not know the *name* of that party. Thus Civ.R. 15(D) does not permit a plaintiff to designate a defendant by a fictitious name when the plaintiff actually knows the name of that defendant. Further, when a plaintiff designates a defendant by a fictitious name, Civ.R. 15(D) requires that the plaintiff provide a *description* of the defendant in the pleadings and aver in the complaint the fact that the plaintiff could not discover the name. The rule also directs that the summons contain the words "name unknown" and be personally served on the defendant.

*Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶23.

{¶ 7} In *Erwin*, the Ohio Supreme Court held that when a plaintiff either knows or should know the identity of the opposing party, the plaintiff may not list the defendant as unknown. *Id*. at ¶40.

**{¶ 8}** Here, FFA filed its complaint alleging that it did not know the identities of any of the heirs of Thelma. However, the affidavit filed by Thomas in support of his motion affirmed that he had resided at the real estate in question since 1986. The affidavit stated that FFA had sent correspondence to Thelma's estate at that address and that he had responded to the correspondence by sending paperwork back to its agent in Texas. In addition, the appraiser for FFA had been to the property and spoken with Thomas. At that time, Thomas personally advised the appraiser that he was the heir of Thelma and provided the appraiser with his name and address. A general principle of agency is that a " 'principal is chargeable with and bound by the knowledge of or notice to his agent received by the agent in due course of his employment, with reference to matters to which his authority extends * * *.' " *State, ex rel. Nicodemus v. Industrial Commission*, 5 Ohio St.3d 58, 60, 448 N.E.2d 1360 (1983) (citation omitted). The knowledge or notice to the agent is imputed to the principal regardless of whether the agent has, in fact, communicated his knowledge to his principal. *First National Bank v. Burns*, 88 Ohio St. 434, 103 N.E. 93 (1913). This evidence is not disputed by FFA. There is no question that FFA either knew or should have known the identity of Thomas. Thus, Thomas was not an unknown heir, was not listed on the complaint, and did not receive any service.

**{¶ 9}** The next question is what the effect is when service is not perfected. The Supreme Court of Ohio addressed this issue in *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25.

> [T]he issue presented in this case is one of a failure to perfect service, which ultimately affects whether a court has personal jurisdiction over a defendant. The obligation to perfect service of process is placed only on the plaintiff, and the lack of jurisdiction arising from want of, or defects in, process or in the service thereof

is ground for reversal. *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762 * * * (discussing the plaintiff's obligation to perfect service); *Ohio Elec. Ry. Co. v. United States Express Co.* (1922), 105 Ohio St. 331 * * * (discussing the effect of the failure to obtain service). Similarly, it is an established principle that actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154 * * *; *Haley v. Hanna* (1915), 93 Ohio St. 49 * * *.

*LaNeve, supra* at ¶22.

{¶ 10} The result of failing to perfect service is that the action is not commenced. *Id.* at ¶24. Like the plaintiff in *LaNeve*, FFA claims that its mistake is nonprejudicial because Thomas should have known and does not have the money to resolve the issue anyway. These arguments are irrelevant because the Supreme Court of Ohio has made it very clear that the plaintiff has the sole burden of perfecting service. If service is not perfected, the trial court lacks personal jurisdiction over the defendant and the action is not commenced. Thomas' Civ.R. 60(B) motion alleged that service was not perfected on him. At the conclusion of the case, the trial court had not ruled on this motion. When a trial court has not ruled on a motion prior to the conclusion of the case, the motion is deemed overruled. *Thornton v. Conrad*, 194 Ohio App.3d 34, 2011-Ohio-3590, 954 N.E.2d 666 (8th Dist.). Since the motion was not ruled upon, the trial court is deemed to have overruled it. Thus, this court has the jurisdiction to review that judgment. A review of the record shows that FFA did not perfect service on Thomas because he was not an unknown heir, but was a known heir. The result is that the action was not

commenced. Therefore, the judgment of the trial court granting default judgment and all judgments stemming from that judgment are void.

{¶ 11} This court also notes that FFA is the only party injured by this ruling. FFA is the one that erred in drafting the complaint. FFA is the party that purchased the real estate knowing that the sale had been cancelled by the court. If it has suffered additional injury, it has only itself to blame. The fifth assignment of error is sustained.

{¶ 12} Having found that the trial court lacked jurisdiction to grant the order of foreclosure, the remaining assignments of error are moot. Thus, they will not be addressed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

(Hon. John R. Willamowski, Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Bill L. Purtell
Ronald D. Keener
Mathias H. Heck / George Patricoff
Hon. Dennis J. Adkins


Case Name:     *Financial Freedom Acquisition LLC v. The Unknown Heirs of*
                      *Thelma V. Thomas, et al.*
Case No:        Montgomery App. No. 25047
Panel:           Fain, Froelich, Willamowski
Author:          John R. Willamowski
Summary: