[Cite as *JP Morgan Chase Bank v. Wiram*, 2013-Ohio-2232.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

JP MORGAN CHASE BANK, N.A.          :

     Plaintiff-Appellee          :          C.A. CASE NO.    2013 CA 3

v.          :          T.C. NO.    12CV803

CHARLES H. WIRAM, et al.          :          (Civil appeal from
                                   Common Pleas Court)

     Defendants-Appellants          :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___31st___ day of ___May___, 2013.

. . . . . . . . . .

STEPHEN D. WILLIGER, Atty. Reg. No. 0014342, 127 Public Square, 3900 Key Tower, Cleveland, Ohio 44114
     Attorney for Plaintiff-Appellee

MICHAEL DILLARD, JR., Atty. Reg. No. 0083907, 41 S. High Street, Suite 1700, Columbus, Ohio 43215
     Attorney for Plaintiff-Appellee

THOMAS B. SQUIRES, Atty. Reg. No. 0043986, 5511 Manchester Rd., Suite 3, Akron, Ohio 44319
     Attorney for Defendants-Appellants

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Charles H. and Carol A. Wiram, filed January 10, 2013. The Wirams appeal from the trial court's December 12, 2012 Judgment Entry and Decree in Foreclosure, which granted summary judgment in favor of JPMorgan Chase Bank, National Association ("JPMCB"). The foreclosed property is located at 6225 Pleasant Chapel Road in Mechanicsburg. We hereby affirm the judgment of the trial court.

{¶ 2} JPMCB filed a Complaint for Foreclosure against the Wirams on July 31, 2012, attached to which is a promissory note, dated January 23, 2008, in the amount of $203,152.00, that identifies the Wirams as Borrowers and Select Mortgage Group Ltd. ("Select") as Lender; the Wirams' mortgage, paragraph 9 of which provides that the Lender may accelerate the debt in the event of Borrower's default, and paragraph 18 of which provides, "If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this security instrument by judicial proceeding"; an assignment of the mortgage, dated May 21, 2012, from Select to JPMCB; a Loan Modification Agreement, with an effective date of April 1, 2011, which provides that the "new principal balance" of the Note is $213,285.56, and that the unmodified terms of the loan documents remain in full force and effect; and a preliminary judicial report. According to the complaint, the Wirams are in default on the note, a principal sum of $210,920.15, plus interest, late charges and costs are due, and JPMCB is entitled to foreclose the mortgage. A final judicial report was filed on August 29, 2012.

{¶ 3} On September 4, 2012, the Wirams filed an Answer and Request of Foreclosure Mediation that provides that they "generally" deny "any and all allegations

contained in the Complaint," and that they request referral of the matter to mediation.

{¶ 4}    On November 19, 2012, JPMCB filed its motion for summary judgment, along with the Note, Mortgage, Loan Modification Agreement, and the affidavit of Lanier M. Jeffrey, Vice President, on behalf of JPMCB, which authenticates the loan documents and   attests to the amount due.

{¶ 5}    In sustaining JPMCB's motion, the trial court found that "there is due to Plaintiff on the Note principal in the amount of $210,920.15 plus interest on the principal amount at the rate of 5% per annum from December 1, 2011," along with "all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage." Finally, the court ordered that "an order of sale shall issue to the Sheriff of Clark County, directing him to appraise, advertise and sell the Property."

{¶ 6}    On December 17, 2012, five days after the trial court's judgment, the Wirams filed a memorandum in opposition to the motion for summary judgment.   The memorandum in opposition provides as follows:

1.   Plaintiff has failed to follow Federal guidelines in that the annual percentage rate was calculated incorrectly at 7.75% vs. the corrected APR of 7.263, which is greater than the Federal allowable variance of .125%.   The TIL failed to disclose the correct payment and the TIL disclosures were not timely submitted as required by Federal Law.

2.   Plaintiff violated the RESPA statute in that they did not provide all of the proper disclosures to the Defendants.

3. Plaintiff violated the Equal Credit Opportunity Act by not providing certain written notices regarding the loan prior to the date of closing.

4. Plaintiff violated the Fair Credit Reporting Act by not having written authorization from the defendants to examine their credit.

5. Plaintiff violated the Federal Trade Commission Act as the Uniform Mortgage Application contains omissions which may be considered to be misleading, unfair, and deceptive.

{¶ 7}  Also on December 17, 2012, the Wirams filed a "Request for Reconsideration of Summary Judgment."  On December 21, 2012, JPMCB filed a reply in opposition to the request for reconsideration.  We note that "a motion for reconsideration after a final order in the trial court is a nullity. *Pitts v. Ohio Dept. of Trans.* (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105." *Payne v. Wilberforce Univ.*, 2d Dist. Greene No. 2003-CA-64, 2004-Ohio-4055.

{¶ 8}  The Wirams assert one assignment of error herein as follows:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE AND VIOLATED CLARK COUNTY LOCAL RULE OF PRACTICE AND PROCEDURE R. 2.33 AND THE OHIO SUPREME COURT MANDATE ESTABLISHING COMMON PLEAS COURT FORECLOSURE MEDIATION BY NOT RULING ON THE APPELLANTS['] TIMELY REQUEST FOR THEIR CASE TO BE PLACED INTO THE CLARK COUNTY, OHIO FORECLOSURE MEDIATION PROGRAM."

{¶ 9}  According to the Wirams, upon receipt of the motion for summary judgment, defense counsel "immediately phoned the Clark County Common Pleas Court Magistrate that

was listed with the Ohio Supreme Court as the Court Foreclosure Mediation Magistrate and was informed that due to recent Local Rule changes a special Mortgage Mediation Form was required to be filed with the Court and that this form was supposed to be submitted to the Wirams" by JPMCB. The Wirams assert that defense counsel was "also informed that the Wirams case file would be flagged and the proceedings stayed. A separate request for Foreclosure Mediation form was prepared which the Wirams signed and submitted to the Clark County Clerk of Court." The Wirams direct our attention to Rule 2.33 of the Clark County Common Pleas Court, General Division, Local Rules of Practice and Procedure, which allows for the referral of foreclosure matters to mediation, and they assert that the trial court adopted "this specific procedure and requirement on October 30, 2012." The Wirams assert that "they made a timely request for foreclosure mediation in their Answer and it was never ruled upon or considered by the trial court."

{¶ 10} JPMCB responds that the Wirams' demand for mediation does not constitute an issue of fact in dispute to prevent the entry of summary judgment, and that the Wirams "provided no evidence that demonstrated a genuine issue of material fact in dispute." JPMCB asserts that the Wirams' assertion that they are entitled to mediation is waived, "and cannot serve as the basis for overturning the trial court's decision," since they failed to assert it in timely opposition to the motion for summary judgment. JPMCB asserts that the trial court's failure to rule upon the request for mediation is deemed to be a denial. JPMCB asserts that the trial court was not required to refer the matter to mediation. JPMCB further asserts that the Wirams' "alleged reliance on a purported phone call with an unidentified someone who was unassociated with the case is not reasonable and does not relieve them of the constructive knowledge the trial court

docket provided: dispositive motion practice was proceeding."

**{¶ 11}** As this Court has previously noted:

Summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co., Inc.*, (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46; citing Civ. R. 56(C).

Upon a motion for summary judgment, the initial burden is on the moving party to show that there is [no] genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93, 662 N.E.2d 264. Once a moving party satisfies its burden, "the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings." *Murphy v. McDonald's Restaurants of Ohio, Inc.*, Clark App. No.2010-CA-4, 2010-Ohio-4761, at ¶ 13, citing *Dresher*, 75 Ohio St.3d at 292-93, 662 N.E.2d 264. "Rather, the burden then shifts to the non-moving party to respond, with affidavits or as otherwise permitted by Civ. R. 56, setting forth specific facts which show that there is a genuine issue of material fact for trial." *Id*. "Throughout, the evidence must be construed in favor of the non-moving party." Id. *Steve Zell Farm Equip., Inc. v. Wagner*, 2d Dist. Miami No. 2010 CA 1, 2010-Ohio-5902, ¶ 9-10.

**{¶ 12}** As this Court has further noted:

Appellate courts review a trial court's entry of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980). *PNC Bank, N.A. v. Craig*, 2d Dist. Montgomery No. 25010, 2012-Ohio-5410, ¶ 5.

**{¶ 13}** Regarding the Wirams' assertion that the trial court failed to consider their request for mediation, we agree with JPMCB that "[w]hen a trial court has not ruled on a motion prior to the conclusion of the case, the motion is deemed overruled. *Thornton v. Conrad*, 194 Ohio App.3d 34, 2011-Ohio- 3590, 954 N.E.2d 666 (8th Dist.)." *Fin. Freedom Aquisition, L.L.C. v. Heirs of Thomas*, 2d Dist. Montgomery No. 25047, 2012-Ohio-3845, ¶ 10.

**{¶ 14}** We further agree that the trial court was not required to refer the matter to mediation by local rule 2.33. As the Wirams assert, Rule 2.33 of the Clark County Common Pleas Court was adopted on October 30, 2012, after JPMCB filed its complaint, and it provides in relevant part as follows:

\* \* \*

II. REFERRAL TO MEDIATION

A. Eligibility. All foreclosure cases filed in the court of Common Pleas, General Division are eligible for referral to the Foreclosure Mediation Program. The assigned Judge or Magistrate *may* refer a case to mediation any time prior to

trial on the court's own motion, on a party's request, or by agreement of the parties. * * *

    B.  A "Request for Mediation" form will be served with the complaint in all *new* foreclosure actions. On this form the party may indicate whether or not they are interested in mediation and return the form to the Clark County Clerk of Courts. The clerk shall then forward the request to the assigned judge for review. * * *. (emphasis added).

As JPMCB asserts, by the plain language of the rule, mediation referral is discretionary and not mandatory, and it applies prospectively to "new" complaints in foreclosure and not those already pending prior to the effective date of the rule. Further, as this Court has previously noted, "[m]ediation is not a required step in the trial process. R.C. 2323.06 states that '[i]n an action for the foreclosure of a mortgage, the court *may* at any stage in the action require the mortgagor and the mortgagee to participate in mediation as the court considers appropriate * * * .'" *Bank of Am. v. Litteral*, 191 Ohio App.3d 303, 2010-Ohio-5884, 945 N.E.2d 1114, ¶ 20 (2d Dist.)(emphasis added).

{¶ 15} Finally, we agree with JPMCB that it established the absence of a genuine issue of material fact for trial with competent Civ.R. 56 evidence, and that the Wirams failed to respond with any evidence permitted by Civ.R. 56 setting forth specific facts demonstrating a genuine factual issue for trial. As JPMCB asserts, the Wirams' request for mediation does not present a factual issue. Accordingly, the Wirams' sole assigned error is overruled, and the judgment of the trial court is affirmed.

[Cite as *JP Morgan Chase Bank v. Wiram*, 2013-Ohio-2232.]

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Stephen D. Williger
Michael Dillard, Jr.
Thomas B. Squires
Hon. Richard J. O'Neill