For these reasons, appellant's sixth and seventh assignments of error are hereby overruled.

*Judgment affirmed.*

HENDRICKSON and KOEHLER, JJ., concur.

The STATE of Ohio, Appellee,

v.

DeLONG, Appellant.

[Cite as *State v. DeLong* (1990), 70 Ohio App.3d 402.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1434.

Decided Nov. 20, 1990.

*Michael Miller,* Prosecuting Attorney, and *James V. Canepa,* for appellee.
*James Kura,* Public Defender, and *John W. Keeling,* for appellant.

BOWMAN, Judge.

On September 24, 1988, Katherine Harris had stopped at a store and was returning to her car when an individual confronted her and demanded her keys. Harris surrendered her keys and ran back into the store while the suspect drove off in her car. On September 25, 1988, appellant, Mark DeLong, was stopped by the State Highway Patrol for traffic violations and was subsequently arrested for receiving a stolen motor vehicle. Harris later identified appellant from a photo array as the individual who had stolen her car.

Appellant was indicted in Warren County, Ohio, and was charged with receiving stolen property: the motor vehicle belonging to Harris. On December 8, 1988, appellant entered a guilty plea to the charge and was sentenced to a year in prison. On March 27, 1989, appellant was indicted for robbery by the Franklin County Grand Jury for taking Harris's car. Appellant filed a pretrial motion to dismiss on the grounds that prosecution was barred on the basis of double jeopardy and speedy-trial limitations. After a hearing, the trial court overruled appellant's motion and he entered a no contest plea to the charge of robbery. Appellant was then sentenced to a term of four to fifteen years in prison and received credit for the time previously served on the charge of receiving stolen property, since the charges arose from the same

course of conduct. Appellant now brings this appeal and asserts the following assignments of error:

"Assignment of Error Number One:

"The trial court erred when it held that the defendant's prior conviction for receiving stolen property did not bar subsequent prosecution for robbery.

"Assignment of Error Number Two:

"The trial court erred when it overruled the defendant's motion to dismiss based upon violations of the defendant's right to a speedy trial and due process of law."

■ In his first assignment of error, appellant asserts that the trial court erred when it held that appellant's prior conviction for receiving stolen property did not bar his subsequent prosecution for robbery. Appellant asserts that because he was convicted of receiving stolen property, he cannot now be convicted of robbery because it violates the constitutional safeguard of double jeopardy.

In *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the court stated that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. If each statute requires proof of an additional fact which the other does not, the state is not prohibited from seeking a conviction and punishment under both statutes in the same trial. However, where the test is not satisfied, the state is not permitted to seek multiple punishments.

In *Grady v. Corbin* (1990), 495 U.S. 508, 516–521, 110 S.Ct. 2084, 2090–2093, 109 L.Ed.2d 548, 561–564, the court stated that the *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense under the Double Jeopardy Clause. The court stated:

" * * * [A] court must first apply the traditional *Blockburger* test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. * * *

" * * *

" ' * * * [However,] [e]ven if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first.' * * *

" * * *

" * * * [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. * * * "

In addition, R.C. 2941.25 prohibits multiple convictions where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, unless the offenses are found to have been committed separately or with a separate animus as to each. See *State v. Donald* (1979), 57 Ohio St.2d 73, 11 O.O.3d 242, 386 N.E.2d 1341.

In *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 74 O.O.2d 380, 344 N.E.2d 133, the court stated that a thief may not be guilty of the separate offense of receiving or concealing the same property which he has stolen. See *State v. Botta* (1971), 27 Ohio St.2d 196, 56 O.O.2d 119, 271 N.E.2d 776. In *Maumee*, 45 Ohio St.2d at 244, 74 O.O.2d at 384, 344 N.E.2d at 137, the court stated:

" * * * Although receiving is technically not an included offense of theft, it is, under R.C. 2941.25, an 'allied offense of similar import.' An accused may be tried for both but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense."

In this case, appellant could originally have been tried for both the offenses of robbery and receiving stolen property, but he could have been convicted and sentenced for only one of the offenses. The choice was given to the prosecution to pursue one offense or the other; however, once Warren County acted and charged appellant only with receiving stolen property, Franklin County cannot later attempt to charge appellant with robbery.

In *State v. Urvan* (1982), 4 Ohio App.3d 151, 4 OBR 244, 446 N.E.2d 1161, the court stated that, when several offenses are committed in different jurisdictions as part of a course of criminal conduct, the venue may be lodged for all of these offenses in any one jurisdiction where one offense, or any element thereof, occurred. However, once one jurisdiction takes action first, it preempts venue and jurisdiction for the whole matter, and jeopardy must attach as a result of the activity of the first actor. Any possible question stemming from one jurisdiction's failure to include another available charge in its prosecution is resolved by R.C. 2941.25, which requires an election between convictions for allied offenses when the state chooses to pursue both.

In this case, once Warren County charged appellant with receiving stolen property, it made the election under R.C. 2941.25 to charge appellant with only one crime, and not to charge him with robbery. Had Warren County decided to charge appellant with both receiving stolen property and robbery, appellant could have been convicted of and sentenced for only one of the crimes. See R.C. 2941.25. However, once appellant was charged with and convicted of receiving stolen property, jeopardy attached for any subsequent prosecution since Warren County's actions preempted venue and jurisdiction for the whole matter. Consequently, jeopardy attached with the first prosecution for receiving stolen property and appellant's first assignment of error is well taken.

In his second assignment of error, appellant asserts that the trial court erred when it overruled his motion to dismiss based upon violations of his right to a speedy trial and due process of law.

In *State v. Clay* (1983), 9 Ohio App.3d 216, 9 OBR 366, 459 N.E.2d 609, the court held that when new and additional charges arise from the same facts as did the original charge, and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations that is applied to the original charge. See, also, *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 16 O.O.3d 4, 402 N.E.2d 530. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states by the Fourteenth Amendment. *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216. The speedy-trial provision is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation, and to limit the possibilities that long delay will impair the ability of an accused to defend himself. *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468.

In this case, appellant was prejudiced by Franklin County's delay in indicting him for robbery. There was no reason that the state could not have charged appellant with robbery when it initially charged appellant with receiving stolen property. This court can find no reason for the delay in charging appellant with robbery, and there is no evidence in the record to show why there was a delay. In light of our disposition of the first assignment of error, wherein this court found that jeopardy attached and that appellant could not be charged with robbery at a later time, this court also finds that appellant's right to a speedy trial was violated. Appellant's second assignment of error is well taken.

For the foregoing reasons, appellant's two assignments of error are sustained, the judgment of the trial court is reversed and this cause is remanded with instructions to the trial court to discharge appellant.

*Judgment reversed*
*and cause remanded*
*with instructions.*

WHITESIDE, and GOLDSBERRY, JJ., concur.

GOLDSBERRY, J., of the Athens County Court of Common Pleas, sitting by assignment.