[Cite as *State v. Humphrey*, 2011-Ohio-5238.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO, : 

     Plaintiff-Appellee, :     Case No: 10CA3150

     v. :

      :     DECISION AND
JEFFREY HUMPHREY, :     JUDGMENT ENTRY

     Defendant-Appellant. :     Filed:  October 7, 2011

APPEARANCES:

Eric W. Brehm, Brehm & Associates, Columbus, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.[1]

Kline, J.:

{¶1}     This case is on remand from the Supreme Court of Ohio.[2]  We affirmed Jeffrey Humphrey's convictions in *State v. Humphrey*, Ross App. No. 10CA3150, 2010-Ohio-5950.  The Supreme Court of Ohio accepted Humphrey's discretionary appeal and held the following: "The portion of the judgment of the court of appeals addressing appellant's second assignment of error below is vacated on the authority of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314[,] and the cause is remanded to the court of appeals for application of our decision in *State v. Johnson*."  *State v. Humphrey*, 128 Ohio St.3d 397, 2011-Ohio-1426, at ¶2.  Therefore, we must apply *Johnson* and

---

[1] When this appeal was filed, Michael Ater was the Ross County Prosecuting Attorney.
[2] Neither Humphrey nor the state filed additional briefs after the Supreme Court of Ohio remanded this case.

address whether Humphrey's convictions for complicity to breaking and entering and possession of criminal tools are allied offenses of similar import. However, because the record does not contain enough evidence of Humphrey's actual conduct, we must overrule Humphrey's assignment of error and affirm the judgment of the trial court.

I.

**{¶2}** To resolve Humphrey's allied-offenses-of-similar-import claim, we must examine his conduct while committing (1) complicity to breaking and entering and (2) possession of criminal tools. Unfortunately, the record does not contain much evidence of Humphrey's actual conduct. We will, however, discuss the pertinent facts that we could uncover. (For a more detailed procedural history, see *Humphrey*, 2010-Ohio-5950, at ¶3-9.)

**{¶3}** Humphrey drove an accomplice to Scioto Farm Supply "to do a B&E." Humphrey's July 13, 2009 Statement to the Police. The accomplice broke into the building while Humphrey remained in the car. Soon thereafter, an alarm sounded, and Humphrey's accomplice ran from the building. Humphrey then picked up his accomplice and drove away from the crime scene.

**{¶4}** The police stopped Humphrey's car a short time later. After being pulled over, Humphrey threw a walkie-talkie out the car window. The police soon recovered the walkie-talkie, and Humphrey was apparently charged with possession of criminal tools based on his possession of that walkie-talkie.

**{¶5}** Humphrey's accomplice threw a crowbar out the car window. There is no evidence that Humphrey's accomplice also had a walkie-talkie.

{¶6}     Humphrey gave the following statement to the police: "I Jeff Humphrey took [my accomplice] to Scioto Farm Supply to do a B&E.  I dropped him off & he brook [sic] in & the alarm went off.  He ran out of the building & I picked him up & the [police] pulled us over.

{¶7}     "I Jeff Humphrey threw the radio out the window & [my accomplice] threw the crowbar out the window."  Humphrey's July 13, 2009 Statement to the Police.

{¶8}     Humphrey was charged with (1) complicity to breaking and entering, (2) possession of criminal tools, and (3) tampering with evidence.  Later, Humphrey filed a motion to suppress the statement he gave to the police.  After the trial court denied this motion, Humphrey pled no contest to all three charges.

{¶9}     During Humphrey's change-of-plea hearing, the trial court did not recount the specific facts of Humphrey's crimes.  Instead, the trial court described each crime by referencing the statutory language for each offense.  At the same hearing, Humphrey's attorney argued that, in this case, breaking and entering and possession of criminal tools should be considered allied offenses of similar import.  The trial court, however, disagreed and sentenced Humphrey to (1) twelve months in prison for complicity to breaking and entering and (2) twelve months in prison for possession of criminal tools.  Humphrey will serve these two sentences concurrently to his five-year prison sentence for tampering with evidence.

{¶10}     In *Humphrey*, 2010-Ohio-5950, we applied what was then the controlling law and found that breaking and entering and possession of criminal tools are not allied offenses of similar import.  Humphrey appealed to the Supreme Court of Ohio, which

vacated the portion of our judgment addressing Humphrey's second assignment of error.

**{¶11}** On remand, we must apply *Johnson* to the following assignment of error: "THE TRIAL COURT DID ERR BY FAILING TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT.  (T.p., p. 22)[.]"

II.

**{¶12}** Humphrey contends that the trial court should have merged his convictions for complicity to breaking and entering and possession of criminal tools.

**{¶13}** Under Ohio law, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  R.C. 2941.25(A).  But "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."  R.C. 2941.25(B).  This statute "codifie[s] the judicial doctrine of merger" and "prohibit[s] the 'cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed.'"  *State v. Ware* (1980), 63 Ohio St.2d 84, 86, quoting *State v. Roberts* (1980), 62 Ohio St.2d 170, 172-73.

**{¶14}** The Supreme Court of Ohio recently articulated a new test for determining whether merger is appropriate.  See *Johnson* at ¶44.  "In determining whether offenses

are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other.  [*State v.*] *Blankenship*, 38 Ohio St.3d [116,] 119[,] (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct.  It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). * * *

{¶15}    "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'  [*State v.*] *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569[,] at ¶50 (Lanzinger, J., dissenting).

{¶16}    "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶17}    "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge."  *Johnson* at ¶48-51 (emphasis sic).

{¶18}    The Supreme Court of Ohio has instructed this court to apply *Johnson* to the present case.  See *Humphrey*, 2011-Ohio-1426, at ¶2.  First, we find that complicity to breaking and entering and possession of criminal tools can be committed by the same conduct.  Therefore, we must examine Humphrey's conduct while he committed these crimes.  But here, there is not enough evidence in the record for us to determine

whether (1) complicity to breaking and entering and (2) possession of criminal tools were committed by the same conduct. As a result, we must overrule Humphrey's assignment of error.

{¶19}     From the record below, we can discern that Humphrey was convicted of possession of criminal tools based on his possession of the walkie-talkie. We can also discern that Humphrey threw the walkie-talkie out the car window after being stopped by the police. But there is *no evidence* as to how Humphrey used the walkie-talkie -- or whether he used it at all -- during the break in at Scioto Farm Supply. It is reasonable to infer that Humphrey might have used the walkie-talkie to communicate with his accomplice during the break in. But, there is no evidence that Humphrey's accomplice also had a walkie-talkie. In fact, Humphrey's statement to the police mentions only that his accomplice threw a crowbar out the car window. Humphrey's statement contains no mention of a second walkie-talkie. Furthermore, when addressing the court, neither Humphrey nor his attorney mentioned any walkie-talkie use related to the break in. Thus, even though it is reasonable to infer that Humphrey used the walkie-talkie during the break in, no additional evidence supports this inference.

{¶20}     If Humphrey had used the walkie-talkie during the commission of the break in, we would be inclined to find that his breaking-and-entering and possession-of-criminal-tools convictions are allied offenses of similar import. Clearly, Humphrey would have committed those two offenses as a single act with a single state of mind. But under the *Johnson* test, we must evaluate Humphrey's actual conduct. Unfortunately, all we know is that Humphrey possessed a walkie-talkie and tried to get rid of it after being stopped by the police. This is not enough evidence to tie Humphrey's possession-of-criminal-

tools conduct to his breaking-and-entering conduct. And we cannot vacate Humphrey's convictions based on a reasonable inference -- especially when we could also reasonably infer that Humphrey used the walkie-talkie for some other criminal purpose.

**{¶21}** At the trial court level, Humphrey had the duty of creating a record to support his allied-offenses-of-similar-import claim. "The parties involved in a case must be cognizant that, in addition to presenting their case at the trial level, they are creating a record for later review. It is imperative that attorneys protect the rights of their clients by ensuring that trial proceedings are adequately recorded and preserved for appeal." *State v. Gray* (1993), 85 Ohio App.3d 165, 169. "When appellant does not supply an adequate record, we must affirm the trial court's decision." *State v. Ellenburg* (July 9, 1998), Pike App. No. 97CA597 (citation omitted). Because we do not have an adequate record to evaluate Humphrey's conduct, we must affirm his breaking-and-entering and possession-of-criminal-tools convictions.

**{¶22}** We recognize that this result may seem somewhat unfair. After all, the trial court proceedings took place before *Johnson* changed the allied-offenses-of-similar-import test. And under the old test, "'courts [were] required to compare the elements of offenses in the abstract without considering the evidence in the case[.]'" *State v. Murphy*, Scioto App. No. 09CA3311, 2010-Ohio-5031, at ¶88, quoting *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, at ¶31. But even under the old test, trial courts had to examine whether crimes were committed with a separate animus. See *State v. Rance*, 85 Ohio St.3d 632, 638-39, 1999-Ohio-291. Therefore, even under *Rance*, trial courts had to examine a defendant's conduct before merging allied offenses of similar import.

**{¶23}** Finally, the Supreme Court of Ohio has instructed this court to apply *Johnson*, and we "must take the record as [we] find[] it[.]" *State ex rel. Faber v. Jones* (1960), 95 Ohio St. 357, 362. At the trial court level, Humphrey's attorney seemingly advanced an allied-offenses-of-similar-import argument based on Humphrey's actual conduct. As the trial court judge noted, Humphrey's attorney "appear[ed] to be arguing the specific facts of this case." Change of Plea and Disposition Transcript at 22. Because Humphrey's attorney advanced an argument based on Humphrey's actual conduct, Humphrey's attorney should have ensured that the record contained enough evidence for adequate appellate review.

**{¶24}** Accordingly, for the foregoing reasons, we overrule Humphrey's assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY:  _____
          Roger L.  Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No.  14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**