[Cite as *State v. Morgan*, 2012-Ohio-3936.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

      Plaintiff-Appellee,         :          Case No: 12CA3305

      v.                          :

                                  :          <u>DECISION AND</u>
RICHARD L. MORGAN,                      :          <u>JUDGMENT ENTRY</u>

      Defendant-Appellant.        :          Filed:  August 24, 2012

<u>APPEARANCES:</u>

Timothy Young, Ohio State Public Defender, and Jeremy J. Masters, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecutor, and Richard W. Clagg, Ross County Assistant Prosecutor, Chillicothe, Ohio, for Appellee.

Kline, J.:

{¶1}    Richard L. Morgan (hereinafter "Morgan") appeals the judgment of the Ross County Court of Common Pleas, which convicted him of complicity to aggravated robbery.  On appeal, Morgan contends that the state violated his double-jeopardy rights by subjecting him to successive prosecutions for allied offenses of similar import.  The record, however, does not contain any evidence related to Morgan's previous conviction for receiving stolen property.  Therefore, we cannot find that receiving stolen property and complicity to aggravated robbery were committed by the same conduct.  And because we cannot find that Morgan's offenses are allied offenses of similar import, we must affirm the judgment of the trial court.

I.

**{¶2}** On June 26, 2010, Morgan and an accomplice were involved in a bank robbery in Ross County.  Eventually, Morgan was apprehended in Athens County, where he was prosecuted for receiving stolen property.

**{¶3}** On October 29, 2010, a Ross County Grand Jury indicted Morgan for complicity to aggravated robbery.  According to Morgan, his participation in the June 26, 2010 bank robbery prompted both (1) the prosecution in Athens County and (2) the prosecution in Ross County.

**{¶4}** On April 5, 2011, Morgan filed a motion to dismiss the complicity-to-aggravated-robbery charge.  Morgan claimed that, on February 8, 2011, he pled guilty to receiving stolen property "in the Athens County Court of Common Pleas, Athens, Ohio, Case Number 10 CR 0287."  Motion to Dismiss at 2.  Morgan also claimed the following:

> The Receiving Stolen Property offense stems from the
>
> Defendant's possession of the money allegedly stolen from
>
> the bank robbery which is the subject of the [complicity-to-
>
> aggravated-robbery] offense.  [And b]ecause the two counts
>
> are * * * allied offenses of similar import, * * * it is respectfully
>
> suggested that the Defendant has once been in jeopardy
>
> and that [the complicity-to-aggravated-robbery count] is
>
> therefore barred under the Fifth Amendment of the U.S.
>
> Constitution.  *Id.*

**{¶5}** The trial court overruled Morgan's motion to dismiss the complicity-to-aggravated-robbery charge. And after Morgan pled no contest, the trial court sentenced him to three years in prison.

**{¶6}** Morgan appeals and asserts the following assignment of error: "The trial court erred when it held that Richard Morgan's conviction for aggravated robbery did not violate double jeopardy principles as a successive prosecution for an allied offen[s]e of similar import. Fifth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution; R.C. 2941.25. (July 29, 2011 Transcript pp. 1-4; December 12, 2011 Decision, pp. 1-6; December 12, 2011 Judgment Entry, pp. 1-2)."

II.

**{¶7}** In his sole assignment of error, Morgan contends that the state violated his double-jeopardy rights by subjecting him to successive prosecutions for allied offenses of similar import. Essentially, Morgan argues that he should not have been convicted of aggravated robbery in Ross County because he had already been convicted of receiving stolen property in Athens County.

**{¶8}** "The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect the accused from being put in jeopardy twice for the same offense. These provisions protect an individual against successive punishments as well as successive prosecutions for the same offense." *State v. Moore*, 110 Ohio App.3d 649, 652, 675 N.E.2d 13 (1st. Dist.1996).

{¶9}   To determine whether Morgan's double-jeopardy rights were violated, we must examine his convictions in two different counties.  We faced a similar situation in *State v. Clelland*, 83 Ohio App.3d 474, 615 N.E.2d 276 (4th Dist.1992).  Thus, in *Clelland*, we described how appellate courts should analyze successive-prosecutions-in-separate-jurisdictions for potential double-jeopardy violations.

> When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all of those offenses in any jurisdiction in which one of those offenses occurred.  R.C. 2901.12(H).  In [*State v. Urvan*, 4 Ohio App.3d 151, 446 N.E.2d 1161 (8th Dist.1982)], the Eighth District Court of Appeals held that once one jurisdiction takes action first, it preempts venue and jurisdiction for the whole matter, and jeopardy must attach as a result of the activity of the first actor.  See, also, *State v. DeLong* (1990), 70 Ohio App.3d 402, 591 N.E.2d 345.  In reaching their holdings, the *Urvan* (theft and receiving stolen property) and *DeLong* (robbery and receiving stolen property) courts emphasized that the offenses [charged in different jurisdictions] were allied offenses of similar import pursuant to R.C. 2941.25.  See, *e.g.*, *DeLong*, *supra*, 70 Ohio App.3d at 405, 591 N.E.2d at 346, where the Tenth District Court of Appeals stated that "[a]ny possible question stemming from one jurisdiction's

failure to include another available charge in its prosecution is resolved by R.C. 2941.25, which requires an election between convictions for allied offenses when the state chooses to pursue both."  Pursuant to *Urvan* and *DeLong,* we must consider whether the offenses here are allied offenses of similar import pursuant to R.C. 2941.25.

*Clelland* at 483-484.

**{¶10}**  Accordingly, in the present case, we must determine whether Morgan's convictions for receiving stolen property and complicity to aggravated robbery are allied offenses of similar import.  If they are, the conviction in Ross County violated Morgan's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions.

**{¶11}**  Under Ohio law, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  R.C. 2941.25(A).  However,

[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(B).

This statutory language "codifie[s] the judicial doctrine of merger" and "prohibit[s] the 'cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed.'" *State v. Ware*, 63 Ohio St.2d 84, 86, 406 N.E.2d 1112 (1980), quoting *State v. Roberts*, 62 Ohio St.2d 170, 172-173, 405 N.E.2d 247 (1980).

{¶12} The Supreme Court of Ohio recently articulated a new test for determining whether merger is appropriate. *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 44.

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. [*State v.*] *Blankenship*, 38 Ohio St.3d [116,] 119, 526 N.E.2d 816 [(1988)] (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). * * *
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses

were committed by the same conduct, i.e., "a single act,

committed with a single state of mind." [*State v.*] *Brown*, 119

Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50

(Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses

are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission

of one offense will *never* result in the commission of the

other, or if the offenses are committed separately, or if the

defendant has separate animus for each offense, then,

according to R.C. 2941.25(B), the offenses will not merge.

(Emphasis sic.)  *Johnson* at ¶ 48-51.

**{¶13}**  To determine whether Morgan's convictions are allied offenses of similar

import, we must examine the evidence in the record before us.  *See, e.g.*, *State v.*

*Vance*, 10th Dist., No. 11AP-755, 2012-Ohio-2594, ¶ 14; *State v. Diggle*, 3d Dist. No. 2-

11-19, 2012-Ohio-1583, ¶ 17; *State v. Fairman*, 2d. Dist. No. 24299, 2011-Ohio-6489, ¶

67-68.  But here, the record contains no evidence of the conduct that resulted in

Morgan's receiving-stolen-property conviction -- no statements from Morgan, no

testimony from witnesses, no documents from the case in Athens County, nothing.

Simply put, the present case contains absolutely no evidence related to Athens County

Case Number 10 CR 0287.  In several court filings, Morgan's trial counsel made

arguments related to Morgan's receiving-stolen-property conviction, but "[a]rguments of

counsel are not evidence."  *Thornton v. Conrad*, 194 Ohio App.3d 34, 2011-Ohio-3590,

954 N.E.2d 666, ¶ 18 (8th Dist.), quoting *Reynolds v. Hazelberg*, 6th Dist. No. E-98-082, 1999 WL 587627, *3 (Aug. 6, 1999). *See also Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, 908 N.E.2d 495, ¶ 82 (7th Dist.) (In a summary-judgment context, "statements of counsel in a motion are arguments but are not evidence that a court can rely upon to find a genuine issue of material fact."). Furthermore, the record is contradictory as to whether Morgan was even convicted in Athens County Case Number 10 CR 0287. During Morgan's arraignment, the assistant prosecutor stated the following: "[U]p until yesterday, [Morgan was] being held on felony charges in Athens County. I think that case was dismissed due to speedy trial problems, based upon conversations we've had with the prosecutor's office down there." November 16, 2010 Transcript at 1. Therefore, the record does not even conclusively demonstrate that Morgan was convicted of receiving stolen property.

{¶14} Because there is no evidence related to Morgan's receiving-stolen-property conviction, we cannot find that receiving stolen property and complicity to aggravated robbery were committed by the same conduct. *See State v. Humphrey*, 4th Dist. No. 10CA3150, 2011-Ohio-5238, ¶ 18-23; *State v. Savage*, 7th Dist. No. 08-MA-54, 2009-Ohio-7011, ¶ 31 ("Appellant cannot demonstrate that the aggravated robbery and kidnapping crimes for which he was convicted were not committed with a separate animus, because there is no evidence on the record of the facts and circumstances surrounding his crimes."). Therefore, Morgan cannot meet both prongs of the allied-offenses-of-similar-import test. *See Johnson* at ¶ 50.

**{¶15}** In *Humphrey*, as in the present case, there was a lack of evidence to support the appellant's allied-offenses-of-similar-import claim. And based on that lack of evidence, we held the following:

> [The appellant] had the duty of creating a record to support his allied-offenses-of-similar-import claim. "The parties involved in a case must be cognizant that, in addition to presenting their case at the trial level, they are creating a record for later review. It is imperative that attorneys protect the rights of their clients by ensuring that trial proceedings are adequately recorded and preserved for appeal." *State v. Gray* (1993), 85 Ohio App.3d 165, 169. "When appellant does not supply an adequate record, we must affirm the trial court's decision." *State v. Ellenburg* (July 9, 1998), Pike App. No. 97CA597 (citation omitted).

*Humphrey* at ¶ 21. We apply this reasoning to the present case. Here, Morgan did not provide an adequate record to resolve his claim that the state violated his double-jeopardy rights by subjecting him to successive prosecutions for allied offenses of similar import. Therefore, we must affirm the judgment of the trial court.

**{¶16}** Accordingly, we overrule Morgan's assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
         Roger L. Kline, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**