[Cite as *State v. Brown*, 2013-Ohio-854.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 1-12-33

      v.

JEFFREY E. BROWN,                   O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2011 0479

**Judgment Affirmed**

Date of Decision: March 11, 2013

APPEARANCES:

    *Michael J. Short* for Appellant

    *Jana E. Emerick* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Jeffery Brown, appeals the judgment of the Court of Common Pleas of Allen County convicting him of grand theft and having weapons while under disability. On appeal, Brown contends that the trial court erred when it ordered his sentences to be served consecutively to each other and to his sentence imposed in a separate criminal matter arising in Putnam County. Based on the following, we affirm the trial court's judgment.

*Putnam County Offense*

{¶2} Sometime between late October and early November 2011, a residence in Putnam County was burglarized. Among the items stolen from the residence was a Remington 870 shotgun. During the time of the burglary, Brown lived in Allen County at a residence owned by Danny Crichfield. Sometime after the burglary, Brown was arrested for an unrelated offense. After Brown's arrest, Crichfield discovered a Remington Model 870 shotgun in his residence, which did not belong to him, and turned it over to the Allen County Sheriff's Office. The shotgun was eventually identified as the firearm stolen from the residence in Putnam County.

{¶3} On January 31, 2012, the Putnam County Grand Jury returned an indictment charging Brown with burglary in violation of R.C. 2911.12(A)(3), a

felony of the third degree.[1]  On April 26, 2012, Brown entered a plea of guilty to the sole count.  Thereafter, the Putnam County Court of Common Pleas sentenced Brown to a two-year prison term.  *See* Change of Plea Hearing Tr., p. 20.

*Allen County Offense*

**{¶4}** Around the time Crichfield discovered the Remington Model 870 shotgun in his residence, he learned that his shotgun, a Remington Model 11, was missing.  While in custody for an unrelated offense, Brown admitted that he took Crichfield's shotgun without Crichfield's knowledge or permission, and sold it to a pawn broker.  Brown further acknowledged that the Remington Model 870 shotgun that Crichfield found in his residence was obtained during a burglary committed in Putnam County, and that he was involved in the burglary.

**{¶5}** On December 15, 2011, the Allen County Grand Jury returned an indictment against Brown charging him as follows: Count One, grand theft of a firearm in violation of R.C. 2913.02(A)(1), (B)(4), a felony of the third degree; Count Two, receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree; Count Three, having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree; and, Count Four, having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree.  Brown entered pleas of not guilty to all counts in the indictment.

---

[1] The case number of the criminal matter in Putnam County is 2012 CR 12.

{¶6} On June 1, 2012, the matter proceeded to a change of plea hearing. Pursuant to a written plea agreement, Brown entered pleas of guilty to Counts One and Four, which the trial court accepted, and the State dismissed the remaining counts.

{¶7} On July 12, 2012, the matter proceeded to sentencing. Prior to sentencing, the trial court addressed the issue of merger. Brown argued that Count Four and the offense in Putnam County were allied offenses. Specifically, Brown asserted that he committed the offense associated with Count Four during the burglary in Putnam County. As such, Brown argued that Count Four and the offense in Putnam County should be merged for purposes of sentencing. The trial court disagreed, and did not merge the offenses. The trial court proceeded to sentence Brown to 18 months in prison under Count One, and 12 months in prison under Count Four. The trial court further ordered the sentences to be served consecutively to each other and consecutively to the sentence imposed in Putnam County.[2]

{¶8} Brown timely appealed the trial court's judgment, presenting the following assignment of error for our review.

---

[2] In its judgment entry of sentencing, the trial court ordered that the sentences imposed for Counts One and Four be served consecutively "TO THE PUTNAM COUNTY CASE WHERE INCARCERATION WAS IMPOSED[,]" without specifying any case number or other identifying information. Judgment Entry, p. 3.

### *Assignment of Error No. I*

**THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT ON THE WEAPONS UNDER DISABILITY AND GRAND THEFT OF A FIREARM CHARGES AS THE CONVICTIONS AND SENTENCES WERE PRECLUDED BY DOUBLE JEOPARDY AND MERGER.**

**{¶9}** In his sole assignment of error, Brown contends that the State violated his constitutional right against double jeopardy by subjecting him to successive prosecutions for allied offenses of similar import. Specifically, Brown maintains that his burglary conviction in Putnam County and the offenses associated with Counts One and Four are allied offenses of similar import. As such, Brown argues that the trial court erred when it ordered him to serve the sentences imposed for Counts One and Four consecutively to each other and consecutively to the sentence imposed in Putnam County. We disagree.

**{¶10}** "The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect the accused from being put in jeopardy twice for the same offense. These provisions protect an individual against successive punishments as well as successive prosecutions for the same offense." *State v. Moore*, 110 Ohio App.3d 649, 652 (1st Dist. 1996).

**{¶11}** To determine whether Brown's right against double jeopardy was violated, we must examine his convictions in this matter and his conviction in

Putnam County. A situation similar to the one here occurred in *State v. Clelland*, 83 Ohio App.3d 474 (4th Dist.1992). In *Clelland*, the court explained how appellate courts should analyze successive prosecutions in separate jurisdictions for potential violations of an individual's right against double jeopardy as follows:

> When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all of those offenses in any jurisdiction in which one of those offenses occurred. R.C. 2901.12(H). In [*State v. Urvan*, 4 Ohio App.3d 151 (8th Dist. 1982)], the Eighth District Court of Appeals held that once one jurisdiction takes action first, it preempts venue and jurisdiction for the whole matter, and jeopardy must attach as a result of the activity of the first actor. *See, also*, *State v. DeLong* (1990), 70 Ohio App.3d 402, 591 N.E.2d 345. In reaching their holdings, the *Urvan* (theft and receiving stolen property) and *DeLong* (robbery and receiving stolen property) courts emphasized that the offenses [charged in different jurisdictions] were allied offenses of similar import pursuant to R.C. 2941.25. *See, e.g.*, *DeLong, supra*, 70 Ohio App.3d at 405, 591 N.E.2d at 346, where the Tenth District Court of Appeals stated that "[a]ny possible question stemming from one jurisdiction's failure to include another available charge in its prosecution is resolved by R.C. 2941.25, which requires an election between convictions for allied offenses when the state chooses to pursue both." Pursuant to *Urvan* and *DeLong*, we must consider whether the offenses here are allied offenses of similar import pursuant to R.C. 2941.25. *Clelland* at 483-84. *Accord State v. Barnett*, 124 Ohio App.3d 746 (2d Dist. 1998).

{¶12} Accordingly, we must determine whether Brown's offenses of grand theft of a firearm, having weapons while under disability, and burglary are allied offenses of similar import. *State v. Morgan*, 4th Dist. No. 12CA3305, 2012-Ohio-3936, ¶ 10. If these offenses are allied offenses of similar import, Brown's convictions in this matter, and consequently the sentences imposed, violated his

right against double jeopardy provided for in the United States and Ohio Constitutions. *Id*.

{¶**13**} Ohio's statute concerning multiple counts, R.C. 2941.25, provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

This statutory language "codifie[s] the judicial doctrine of merger" and "prohibit[s] the 'cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed.'" *State v. Ware*, 63 Ohio St.2d 84, 86 (1980), quoting *State v. Roberts*, 62 Ohio St.2d 170, 172-173 (1980).

{¶**14**} The Ohio Supreme has articulated the following test to determine whether offenses are allied:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the [first] question is whether it is possible to commit one offense *and* commit the other offense with the same conduct, not whether it is possible to commit one *without*

committing the other.   * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act committed with a single state of mind.'

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.  (Emphasis sic; Citations omitted.) *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 48-51.

An appellate court reviews a trial court's determination concerning merger de novo. *State v. Williams*, __ Ohio St.3d __, 2012-Ohio-5699, ¶ 28.

{¶15} Before we address whether the offenses at issue are allied, we must resolve some confusion pertaining to the facts associated with Counts One and Four.  On appeal, Brown's argument suggests that Counts One and Four arise from the same criminal event, the burglary in Putnam County.  The record, however, reveals otherwise.  Count One stems from the theft of a firearm from Crichfield's residence in Allen County.  *See* Sentencing Hearing Tr., p. 22-24.  Count Four, on the other hand, stems from Brown's possession of a firearm that was stolen during the burglary in Putnam County.  *Id*. at p. 5.  Having resolved

this confusion, we will determine whether the trial court erred when it determined that the burglary in Putnam County and Counts One and Four were not allied offenses of similar import.

*Count One – Grand Theft of a Firearm*

{¶16} Upon review, we find that Count One does not merge with Count Four or the burglary in Putnam County. The record reveals that the firearm associated with Count Four was different from the firearm associated with Count One, and that the theft associated with Count One occurred separately from the burglary in Putnam County. As such, we find that the burglary in Putnam County and the offense associated with Count Four were committed separately and with separate animus from the offense associated with Count One. Accordingly, the trial court did not err when it failed to merge the sentence imposed for Count One into the sentences imposed for Count Four or the burglary in Putnam County.

*Count Four – Having Weapons While Under Disability*

{¶17} Having determined that Counts One and Four are not allied offenses, we are left to determine whether Count Four and the burglary in Putnam County are allied offenses.

{¶18} Upon review, we find that Count Four and the burglary in Putnam County are not allied offenses. There is no dispute that the firearm associated with Count Four was obtained during the Putnam County burglary. However, the

record contains little detail about the burglary itself. Despite the lack of a record, we still find that Count Four and the burglary in Putnam County were not allied offenses. In particular, Brown's continued possession of the firearm after committing the burglary demonstrates a separate animus to commit the offense of having weapons while under disability. *See State v. Logan*, 60 Ohio St.2d 126 (1979) (prolonged unlawful restraint of the victim can demonstrate separate animus for an underlying offense, such as robbery, and kidnapping). Given the foregoing, the trial court did not err when it failed to merge the sentence imposed for Count Four into the sentence imposed for the burglary in Putnam County.

{¶19} Having determined that none of the offenses at issue are allied, we find that Brown's right against double jeopardy was not violated when the trial court ordered him to serve the sentences imposed for Counts One and Four consecutively to each other and consecutively to the sentence imposed in Putnam County.

{¶20} Accordingly, we overrule Brown's sole assignment of error.

{¶21} Having found no error prejudicial to Brown herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**

-10-